## DEIBLER v. UNITED STATES.
### No. 63–52.

United States Court of Claims
Dec. 2, 1952.

Edwin Fischer, Philadelphia, Pa., for plaintiff.

Wilson Myers, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

HOWELL, Judge.

On August 3, 1950, plaintiff entered into Contract No. N383s–37747 with the Navy Department, Aviation Supply Office, for certain printing services and supplies for which plaintiff was to receive the sum of $100,000.

This contract has been completely performed by plaintiff.

By letter dated July 17, 1951, plaintiff submitted to the Aviation Supply Office an application for equitable adjustment of cer-

tain excess costs of $20,654.64, allegedly due to increased labor and material costs incurred during the contract period.

Subsequently, by letter of August 22, 1951, the contracting officer advised plaintiff that its request had been denied.

Plaintiff, on February 20, 1952, filed this action for relief under the provisions of the Lucas Act of August 7, 1946, 60 Stat. 902, as amended by the Act of June 25, 1948, 62 Stat. 992, 41 U.S.C.A. § 106 note, which provides as follows:

"Where work, supplies, or services have been furnished between September 16, 1940, and August 14, 1945, under a contract or subcontract, for any department or agency of the Government which prior to the latter date was authorized to enter into contracts and amendments or modifications of contracts under section 201 of the First War Powers Act, 1941 (section 611 of Appendix to Title 50), such departments and agencies are hereby authorized, in accordance with regulations to be prescribed by the President within sixty days after the date of approval of this Act (August 7, 1946), to consider, adjust, and settle equitable claims of contractors, including subcontractors and materialmen performing work or furnishing supplies or services to the contractor or another subcontractor, for losses (not including diminution of anticipated profits) incurred between September 16, 1940, and August 14, 1945, * * *.

"Sec. 3. Claims for losses shall not be considered unless filed with the department or agency concerned within six months after the date of approval of this Act (August 7, 1946), and shall be limited to losses with respect to which a written request for relief was filed with such department or agency on or before August 14, 1945, * * *."

Defendant has filed its motion to dismiss this proceeding upon the ground that claims under the Lucas Act, supra, were limited to those arising out of contracts carried out during the period September 16, 1940, and August 14, 1945. Hence, plaintiff's contract, not having been entered into

378

until August 3, 1950, is not embraced within the time specified in the Act.

In Richardson v. United States, 86 F. Supp. 1019, 1020, 114 Ct.Cl. 695, we held that Congress intended only to afford relief to those contractors who entered into contracts within the dates specified in the Lucas Act "in connection with the prosecution of the war effort." In Barnes v. United States, 86 F.Supp. 1022, 114 Ct.Cl. 715, we reaffirmed these views.

The matters relied upon by plaintiff in its First Amended Petition are not helpful since the Act of Congress of June 25, 1948, 62 Stat. 992, merely amended Section 6 of the original Lucas Act and did not extend its temporal limits, and Executive Order 10210 of February 2, 1951, 3 CFR, 1951 Supp., page 72, 50 U.S.C.A.Appendix, § 611 note, did not nor could it enlarge this court's jurisdiction in that respect.

Since plaintiff's contract was not entered into until August 3, 1950, which date is clearly beyond the dates specified in the Lucas Act, we hold that the petition is fatally defective in this respect and, accordingly, defendant's motion to dismiss is granted.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.